PETE CASTORENO V. THE STATE.

No. 23843. Delivered January 7, 1948.
On Motion to Reinstate Appeal February 18, 1948.

L. J. *Gittinger* and *Theo. P. Henley*, both of San Antonio, for appellant.

*William N. Hensley*, Criminal District Attorney, and *M. C. Gonzales* and *James C. Brady*, Assistant Criminal District Attorneys, all of San Antonio, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is an appeal from a conviction for robbery, with punishment assessed at ten years' confinement in the penitentiary.

After notice of appeal and passage of sentence, appellant, together with three sureties, entered into the required recognizance pending appeal and was released from custody. Subsequently, and before the expiration of the time allowed within which bills of exception and statement of facts might be filed, the three sureties filed an application in the trial court to be released from liability upon the recognizance. On the same day of the filing, the trial court granted the application, ordered the sureties released from liability, and committed appellant into the custody of the sheriff until a new appeal bond was furnished or until further orders of that court were made.

Neither in the application nor order is it shown that appellant was delivered by the sureties into the custody of the sheriff, or that the appellant was before the court at the time the order was entered. There is no certificate from the sheriff showing that appellant is now in his custody or has provided new appeal bond.

As the record is presented before us, appellant was released

from custody upon recognizance, pending appeal; the sureties upon that recognizance have been released; and appellant is not shown to be in custody of the sheriff. It follows that the appeal should be dismissed.

Appellant is allowed fifteen days from this date within which to file in this court a certificate from the sheriff showing that he is in custody or has provided a new, good and sufficient appeal bond properly approved. In either event, the appeal will be reinstated.

Opinion approved by the Court.

ON APPELLANT'S MOTION TO REINSTATE APPEAL.

BEAUCHAMP, Judge.

Appellant has filed supplemental transcript including an affidavit from the sheriff showing that appellant is in his custody. Based on this affidavit, appellant's motion to reinstate the appeal is granted and the case will now be considered on its merits.

On the 4th day of December, 1946, appellant, then in the armed service and stationed in San Antonio, together with a civilian whose identity is unknown, engaged Carlos Iglesias, a cab driver, who took them in his car and drove on various streets under appellant's direction until they came to a place somewhat remote from the business district, where the appellant drew an automatic pistol on the driver, forced him out of the cab, took his billfold containing $17.00, and when his victim started to run away he fired a shot but missed him. They then drove away in the cab. On the following day the officers went with Iglesias to the army hospital where appellant was staying. The cab driver identified appellant as the man who attacked him, and so testified in court. He had seen him before, had served him as a cab driver, and gave positive testimony on the subject. Such is the State's evidence and, in our opinion, amply supports the jury's verdict contrary to appellant's contention.

The second question raised on the appeal complains of the action of the court in excluding the testimony of Margarita C. Rodriguez. Apparently in an effort to prove his insanity, this witness testifying in behalf of appellant was asked the question: "Do you know that the defendant, Pete Castoreno, though already married, was married in San Antonio within the last 60 or 90 days?" The State objected to the question and the answer

and, though the court sustained the objection, the witness answered: "I know that the defendant was married within the last 60 or 90 days in San Antonio."

In the first place, we think the question asked was not the proper procedure to prove insanity. The witness could give her opinion on the subject, based on observation sufficient to support an opinion, but criminal acts and conduct are not within themselves material proof of insanity, except as same may be shown to be consistent with such conclusion. In the second place, the question was answered and the complaint has no basis.

The third complaint found in appellant's brief relates to the failure of the court to grant a new trial on the motion which chiefly complained of the language used by the court in submitting an issue of insanity. No objection was lodged to the charge at the time it was submitted. The question was raised for the first time on motion for a new trial. The holdings of this court consistently point out that a complaint made to the charge must be submitted to the court before the charge is read to the jury. We do not find it necessary to consider this charge further than to determine whether or not it constitutes fundamental error. A careful examination fails to reveal any of the elements of fundamental error. The court stated to the jury: "No act done in a state of insanity can be punished as an offense." He then charged on the burden of proof on the issue of insanity; that the time of insanity must be shown in order to relieve from prosecution; and the test to be applied. If the language was not sufficient to make these issues clear to the jury, it was the duty of appellant to inform the court of his objections thereto before the charge was read to the jury. Having failed to do so he waived his right to object thereafter. The authorities on this subject are so numerous, and the question so well settled, that we do not consider it necessary to cite authorities.

It is quite correct that fundamental error appearing in the record may be pointed out on motion for a new trial, or even in this court, but such rule cannot be expanded so as to relieve the embarrassment of an attorney, for either the State or the defense, who has failed to timely present his contention. Such practice would encourage the widespread negligence on the part of both prosecution and defense, and involve this court in endless hearings and discussion on matters which the trial court is entitled to have presented in orderly procedure as clearly defined by the Legislature.

Finding no reversible error, the judgment of the trial court is affirmed.